# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY A. SHARP, | Case No. 1:24-cv-01408-JLT-EPG-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| EDWARD BORLA, | |
| Respondent. | |

Petitioner Anthony A. Sharp is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. As the instant petition fails to state a cognizable federal habeas claim, the undersigned recommends dismissal of the petition.

## I.

## BACKGROUND

In 2016, Petitioner was sentenced by the Fresno County Superior Court to an imprisonment term of twenty-five years. (ECF No. 1 at 1.[1]) On November 14, 2024, Petitioner filed the instant petition for writ of habeas corpus, challenging the state courts' denial of resentencing. (Id. at 5.) Petitioner asserts that his sentence is unauthorized due to the passage of California Senate Bill 567 and Assembly Bill 518. (Id. at 12.)

///

---

[1] Page numbers refer to ECF page numbers stamped at the top of the page.

1

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

Here, Petitioner challenges the state courts' denial of resentencing pursuant to Senate Bill 567 and Assembly Bill 518. (ECF No. 1 at 12.) By statute, federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Whether Petitioner is entitled to relief pursuant to Senate Bill 567 and Assembly Bill 518 is an issue of state law. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67–68 (1991). "We accept a state court's interpretation of state law, and alleged errors in the application of state law are not cognizable in federal habeas corpus." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996) (citation omitted)). Accordingly, Petitioner fails to state a cognizable clam for federal habeas corpus relief.

## III.

## RECOMMENDATION

Based on the foregoing, the undersigned HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and

serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 14, 2025**            /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE