# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY A. SHARP,<br><br>        Petitioner,<br><br>   v.<br><br>EDWARD BORLA,<br><br>        Respondent. | No. 1:24-cv-01408 JLT EPG (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Doc. 12) |

Petitioner Anthony A. Sharp is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 14, 2025, the magistrate judge issued findings and recommendations recommending that the petition for writ of habeas corpus be dismissed for failure to state a cognizable federal habeas claim. (Doc. 12.) The findings and recommendations were served on Petitioner and contained notice that any objections thereto were to be filed within thirty days after service. On January 31, 2025, Petitioner filed timely objections. (Doc. 13.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Petitioner's objections, the Court holds the findings and recommendation to be supported by the record and proper analysis. In the objections, Petitioner argues that his claims are based on equal protection

1

1 principles as similarly situated individuals have received relief and resentencing. However,
2 Petitioner "cannot establish an equal protection claim warranting habeas relief, simply because, or
3 if, the [state court] misapplied [California] law or departed from its past precedents," *Little v.*
4 *Crawford*, 449 F.3d 1075, 1083 (9th Cir. 2006). *See Beck v. Washington*, 369 U.S. 541, 554–55
5 (1962) ("We have said time and again that the Fourteenth Amendment does not assure uniformity
6 of judicial decisions . . . [or] immunity from judicial error . . . . Were it otherwise, every alleged
7 misapplication of state law would constitute a federal constitutional question." (citations and
8 internal quotation marks omitted) (alterations in original)).

9   Having found that Petitioner is not entitled to habeas relief, the Court now turns to
10 whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus
11 has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only
12 allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C.
13 § 2253. If a court denies a habeas petition on the merits, the court may only issue a certificate of
14 appealability "if jurists of reason could disagree with the district court's resolution of [the
15 petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate
16 to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529
17 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must
18 demonstrate "something more than the absence of frivolity or the existence of mere good faith on
19 his . . . part." *Miller-El*, 537 U.S. at 338.

20   In the present case, the Court finds that reasonable jurists would not find the Court's
21 determination that the petition should be dismissed debatable or wrong, or that Petitioner should
22 be allowed to proceed further. Petitioner has not made the required substantial showing of the
23 denial of a constitutional right. Therefore, the Court declines to issue a certificate of appealability.
24   Accordingly, the Court **ORDERS**:
25   1. The findings and recommendations issued on January 14, 2025 (Doc. 12) are
26      **ADOPTED IN FULL**.
27   2. The petition for writ of habeas corpus is **DISMISSED**.
28   3. The Clerk of Court is directed to **CLOSE THE CASE**.

4. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:  **February 6, 2025**

_____
UNITED STATES DISTRICT JUDGE